Sarah Kramer, Appellant, v. Harold Leon et al., Respondents.

First Department, February 21, 1961.

*Eugene G. Lamb* of counsel (*Joseph T. Mirabel,* attorney), for appellant.

*I. Sidney Worthman* of counsel (*Tropp & Steinbock,* attorneys), for respondents.

*Per Curiam.* In this personal injury action plaintiff appeals from a denial of her motion for a preference under rule 151 of the Rules of Civil Practice.

On January 14, 1959 plaintiff suffered personal injuries as a result of a fall on a stairway, allegedly because of the negligence of the defendants. Her affidavit recites that, as of March, 1960, she was 78 years of age. She was confined to a hospital for 21 days. Her bill of particulars claims $1,905 as special damages, and reveals that she suffered a fracture of the shoulder and other injuries.

A report of a neurologist makes a diagnosis of cerebral concussion, points out that the patient has " some degree of cerebral arteriosclerosis, and the trauma of the head did cause more brain damage than if this patient were much younger."

The affidavit of plaintiff's treating physician recites in some detail the injuries suffered by the plaintiff, expresses his opinion that "severe permanent disability will ensue", and concludes that in his opinion, "based on reasonable medical certainty" because of her advanced age, coupled with the injuries sustained, "it is unlikely" that plaintiff will survive the waiting period before trial if the case proceeds in its regular order. The latter observation as to the time of the waiting period was based on information given him by plaintiff's attorney.

Significantly, no medical proof or report was submitted by the defendants in opposition.

"Age alone does not warrant the granting of a preference". (*Dodumoff* v. *Lyons,* 4 A D 2d 626, 627.) In that case the court laid down certain guiding principles to be observed in determining applications for a preference under rule 151, but was careful to point out "that each case should be determined on its own facts" (p. 628).

In addition to age, the permanent and disabling nature of plaintiff's injuries, according to the treating physician's affidavit, and his uncontroverted medical opinion as to the prospect of her survival, persuade us that in the interests of justice a rule 151 preference should be granted.

Accordingly, the order appealed from should be reversed, in the exercise of discretion, and the motion granted, with costs.

BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents and votes to affirm in following memorandum: I dissent and vote to affirm the order denying a preference under rule 151 of the Rules of Civil Practice on the authority of *Bitterman* v. *2007 Davidson Ave.* (278 App. Div. 759) and *Gray* v. *F & R Trucking Co.* (3 A D 2d 735).

Order, entered on May 26, 1960, denying plaintiff's motion for a preference under rule 151 of the Rules of Civil Practice, reversed, in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. Settle order on notice.